# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 CR 472 |
| | ) | |
| PHILLIP KING | ) | Honorable Sara L. Ellis |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PHILLIP KING'S REPLY TO THE GOVERNMENTS RESPONSE OPPOSING COMPASSIONATE RELEASE

NOW COMES the Defendant, Phillip King, by and through his Attorney Jonathan D. Feldman, and hereby replies to the government's response opposing his motion for compassionate release pursuant to 18. U.S.C. § 3582 (c)(1)(A), prays this Honorable Court permit hit to supplement this brief, and in support states as follows:

1. The undersigned counsel is entirely confident based upon information received that the statutory exhaustion requirement of the First Step Act has been met, as information available to counsel indicates that a lapse of thirty days from the Defendant not receiving a response from the Warden has occurred, thereby meeting the exhaustion requirement.
2. However, at this time, the government is correct that Defendant cannot produce to this Court the date that the filing was originally submitted by Defendant, despite countless calls and unanswered emails to the BOP to contact Defendant and obtain this information, as well as a pending FOIA request that is awaiting a response.
3. Today, October 20, 2020, after receiving notice that this information may become available in the very near future as provided by BOP legal department for Mid Atlantic Region, the undersigned counsel filed with this Court a request for an extension of time.
4. However, with the filing of this reply brief, Defendant respectfully requests this Honorable Court to permit defense counsel to supplement this reply upon receipt of any updated

information it receives from a variety of possible sources counsel is awaiting information from prior to the currently scheduled ruling date of 11/17/20 at 9 am, in regards to providing more information on Defendant's exhaustion of remedies prior to filing the motion for compassionate release.

5. Based on the circumstantial basis to believe that such request for administrative relief was previously made by Defendant, including information known to Defendant's wife about such a request being unanswered for well over thirty days from the time Defendants motion was originally filed.

6. Defendant is nearing the end of a lengthy prison sentence, currently scheduled to conclude in the middle of April of next year. That combined with his father's terminal and grave illness, in which Mr. King's only purpose and will to live is to see his son again, creates an extraordinary and compelling basis to permit immediate release now, versus a few months from now at his scheduled date of release.

7. Each and every day that his father remains alive without being reunited with his son is a tempt of fate as he faces such serious and dire deteriorating conditions that, combined with the outbreak and rising numbers of Covid 19, further solidify the extraordinary and compelling basis for this Court to grant the motion.

8. Further, Defendant and his families desire to have him be together and reunited with his daughter and his father, at the same moment in time upon his release from a lengthy incarceration, and the possibility that this may not occur if Defendant were not immediately released, further exemplifies and strengthens the granting of this motion.

9. All of the cases cited by the Government are distinguished from this current, unique set of facts and circumstances, that specifically arises before this Court at the tail end of a lengthy prison sentence.

10. This Court must be able to, and is indeed empowered to, evaluate on a case by case basis a set of facts and circumstances that, when taken together, can form the basis to grant a motion under 18 U.S.C. § 3582 (c)(1)(A).

11. It should be noted that, especially for consideration of the 18 U.S.C. § 3553(a) factors, although Defendant was sentenced as a career offender for his prior significant criminal

history involving mostly narcotics offenses, a large and substantial portion of that history was involvement with cannabis related offenses.

12. Further, Defendant significantly and substantially assisted the government in their original investigation that led to Defendant's incarceration.

13. Defendant acknowledges that narcotics trafficking offenses, as he has in his background, does lead to such risk of harm to the community from those who use the substances, however it must be noted that Defendant's criminal history contains no crimes of violence or weapons related offenses.

14. Defendant's proposed residence, with his wife and daughter, while not immediately adjacent to his father, is a not too distant car ride away, within an hour or so, and a location that would be accessible on a frequent, if not daily basis.

15. While Defendant's father is lucky and privileged, if not owing his current life to the hospice care he is receiving, most certainly Defendant would supplement and assist in his father's care, and provide a much needed emotional uplifting and positive joy during the end of his father's life.

16. It is Defendant's position that this Court should consider the length of time remaining on the prison sentence at issue along with the basis for asking for such relief.

17. In this case, while Defendant would not be the sole care taker of his father, and while this is his father and not a child in need of a care taker, there are only approximately six months remaining on the sentence Defendant is currently serving.

18. Because Defendant has completed the grand majority of a lengthy sentence, all of the purposes of the original sentence imposed by Judge Darrah can be found by this Court to have already been met, and Defendant could be permitted to be discharged in order to reunite with his gravely ill father and his daughter together, thereby resining three generations together during such difficult times that the country currently faces.

WHEREFORE, Defendant, Phillip King respectfully requests this Honorable Court permit him to supplement this reply and grant his motion for compassionate release.

/s/Jonathan Feldman<br>For Phillip King

Jonathan Feldman
70 e. Lake st. Suite 1220
Chicago, Il 60601
312 952 5172
jdfeldmanlaw@gmail.com

# CERTIFICATE OF SERVICE

I, Jonathan Feldman, as Attorney for Phillip King, hereby certify that I have served all parties of record by filing **Defendant's Reply** by filing it electronically on October 20, 2020 via the CM/ECF system.

/s/Jonathan Feldman<br>Attorney at Law<br>October 20, 2020