# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>PHILLIP KING | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:05-CR-00472(15)<br>USM Number: 31880-112<br><br>Jonathan Feldman<br>Defendant's Attorney |

**Date of Original Judgment: 3/19/2009**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
☐ Modification of Imposed Term of Imprisonment Pursuant to Section 404 of the First Step Act

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☒ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1 of Indictment.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21 U.S.C. Sec. 846   Conspiracy to possess with intent to distribute a controlled substance | 5/26/2005 | 1 |

The defendant is sentenced as provided in pages **2** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) any remaining counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 16, 2020
Date of Imposition of Judgment

_Signature of Judge_

Sara L. Ellis, United States District Judge
Name and Title of Judge

11/16/20
Date

Case: 1:05-cr-00472 Document #: 893 Filed: 11/16/20 Page 2 of 13 PageID #:6179

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case　　　　　　　　　　　　　(Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judgment – Page 2 of 2

DEFENDANT: PHILLIP KING
CASE NUMBER: 1:05-CR-00472(15)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served as to count 1. All other aspects of his criminal conviction and sentence remain unmodified.

- ☐ The court makes the following recommendations to the Bureau of Prisons:

- ☐ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:

    - ☐ at　　　on

  - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    - ☐ before 2:00 pm on

    - ☐ as notified by the United States Marshal.

    - ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois, Eastern Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| PHILLIP KING | Case Number: 05 CR 472 - 15 |
| | USM Number: 31880 - 112 |
| | Marc Barnett |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  1 of the indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to possess with intent to distribute a controlled substance | 5/26/2005 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)  any remaining counts   ☐ is   X are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/19/2009
Date of Imposition of Judgment

*/s/ John W. Darrah*
Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

3/24/2009
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
                 Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT:    Phillip King
CASE NUMBER:    05 CR 472 - 15

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

217 months on count 1 of the indictment. The costs of incarceration are waived.

[X] The court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in a comprehensive treatment program for drug and alcohol abuse. The defendant shall be placed at a BOP facility in California.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
     [ ] at           [ ] a.m.    [ ] p.m.    on
     [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before 2 p.m. on
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Phillip King
CASE NUMBER: 05 CR 472 - 15

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 5 years on count 1 of the indictment.
The costs of supervision are waived. The defendant shall participate in a drug and alcohol aftercare treatment program as directed by the probation office. The defendant shall provide the probation office with any requested financial information. Any unpaid balance of the $100.00 special assessment, shall become a condition of supervised release. Payments shall be made in monthly installments equal to 10% of the defendant's net monthly income.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Phillip King
CASE NUMBER: 05 CR 472 - 15

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Phillip King
CASE NUMBER: 05 CR 472 - 15

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** **X** Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Phillip King
CASE NUMBER: 05 CR 472 - 15

## ADDITIONAL FORFEITED PROPERTY

See attached preliminary order of forfeiture.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   05 CR 472 |
| v. | ) | |
| | ) | Hon. John W. Darrah |
| PHILLIP KING | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on the oral motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On September 20, 2005, an indictment was returned charging defendant PHILLIP KING with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. § 846, among other violations;

(b) The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2) (Forfeiture Allegation One);

(c) On November 16, 2006, pursuant to Fed R. Crim. P. 11, defendant PHILLIP KING entered a s voluntary plea of guilty to Count One of the indictment;

(d) Pursuant to the terms of the plea agreement and as a result of his violations of 21 U.S.C. § 846, defendant PHILLIP KING agreed that certain property is subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2). The property subject to forfeiture includes but is not limited to:

1. funds in the amount of approximately $170,000 seized on or about August 11, 2005;

        2.      funds in the amount of $240,000 seized from defendant ISAAC GOMEZ TORRES on May 11, 2005; and

        3.      funds in the amount of $10,000.

(e)    On October 19, 2005, the Federal Bureau of Investigation administratively forfeited funds in the amount of $240,000 seized from defendant ISAAC GOMEZ TORRES;

(f)    At this time, the government requests that this Court enter a preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(a)(1) and (2), in which all right, title, and interest of defendant PHILLIP KING in certain property, including, but not limited to:

        1.      funds in the amount of approximately $170,000 seized on or about August 11, 2005; and

        2.      funds in the amount of $10,000

is forfeit to the United States for disposition according to law;

(g)    In addition to the foregoing, the United States requests that the Court enter a judgment against defendant PHILLIP KING in the amount of $500,000 and further enter a preliminary order of forfeiture as to this amount;

(h)    Pursuant to the provisions of 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2, if any of the funds in the amount of the $500,000 money judgment entered against defendant PHILLIP KING as a result of any act or omission of the defendant:

        1.      cannot be located upon the exercise of due diligence;

        2.      has been transferred or sold to, or deposited with, a third party;

        3.      has been placed beyond the jurisdiction of the Court;

        4.      has been substantially diminished in value, or

    5.  has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to defendant PHILLIP KING to the value of $500,000, in order to satisfy the money judgment entered by the Court; and

  (i)  The United States further requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant PHILLIP KING and shall be made part of any judgment and commitment order entered in this case against him.

  Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

  1.  A judgment is entered against defendant PHILLIP KING in the amount of $500,000.

  2.  Furthermore, pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant PHILLIP KING in the following property is hereby forfeit to the United States of America for disposition according to law. The property subject to forfeiture includes but is not limited to:

    (a)  funds in the amount of approximately $170,000 seized on or about August 11, 2005 and

    (b)  funds in the amount of $10,000.

  3.  Pursuant to the provisions of 21 U.S.C. § 853(g), the United States Marshal shall be authorized to seize and take custody of the funds in the amounts of approximately $170,000 and $10,000 for disposition as the Attorney General may direct.

4. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), the United States Marshal shall publish notice of this order and of its intent to dispose of the foregoing funds as the Attorney General may direct. The government may also, to the extent practicable, pursuant to statute, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture as a substitute for published notice as to those persons so notified.

5. Pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed by this court and 21 U.S.C. § 853(n)(1), any persons other than the defendant, asserts a legal claim in the property which has been ordered forfeited to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph four (4), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury.

6. Following the Court's disposition of all third parties' interests, the Court shall, upon the government's motion, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the this preliminary order of forfeiture, vesting clear title in the United States of America.

7. If by an act or omission on the part of defendant PHILLIP KING, funds in the amount of $500,000 cannot be located to satisfy the forfeiture judgment; pursuant to the provisions of 21 U.S.C. § 853(p), the United States has the authority to forfeit substitute assets in the amount of $500,000 to satisfy the money judgment entered by this Court.

8. Should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment entered by the Court.

9. The terms and conditions of this preliminary order of forfeiture entered by the Court are part of the sentence imposed against defendant PHILLIP KING and shall be made part of any judgment and commitment order entered in this case against him.

10. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JOHN W. DARRAH
United States District Judge

DATED: 3-24-09

5